IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL CASE NO. |
| | 1:09-CR-449-RWS-RGV |
| IAN JAY EVANS | |

## ORDER FOR SERVICE OF REPORT AND RECOMMENDATION

Attached is the Report and Recommendation of the United States Magistrate Judge made in accordance with 28 U.S.C. § 636(b)(1) and N.D. Ga. Cr. R. 58.1(A)(3)(a) and (b). Let the same be filed and a copy, with a copy of this Order, be served upon counsel for the parties.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the Report and Recommendation within fourteen (14) days of receipt of this Order. Should objections be filed, they shall specify with particularity the alleged error(s) made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the District Court. If no objections are filed, the Report and Recommendation may be adopted as the opinion and order of the District Court and any appellate review of factual findings will be limited to a plain error review.

United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

Pursuant to Title 18, U.S.C. § 3161(h)(1)(F), **the above-referenced fourteen (14) days allowed for filing objections is EXCLUDED from the computation of time under the Speedy Trial Act, whether or not objections are actually filed.** The Clerk is **DIRECTED** to submit the Report and Recommendation with objections, if any, to the District Court after expiration of the above time period.

**IT IS SO ORDERED and DIRECTED**, this 22nd day of July, 2010.

*Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL CASE NO. |
| | 1:09-CR-449-RWS-RGV |
| IAN JAY EVANS | |

## **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Defendant Ian Jay Evans is charged with conspiracy to commit mail and wire fraud through a scheme to defraud The Home Depot, Inc., and its wholly owned subsidiary, Home Depot U.S.A., Inc. (collectively, "Home Depot"), of money and property in violation of 18 U.S.C. § 1349, conspiracy to money launder in violation of 18 U.S.C. § 1956(h), and seventeen counts of money laundering in violation of 18 U.S.C. § 1957.  [Doc. 1].  Evans has moved to dismiss the indictment for unconstitutional vagueness, [Doc. 14], contending that, although not labeled as such, this case is an "honest services fraud case" under 18 U.S.C. § 1346 since "the gravamen of the government's theory of criminal liability is that an alleged undisclosed kickback scheme defrauded Home Depot because it violated Home Depot's corporate policy," and the indictment is "replete with references to co-conspirator Matheny's breach of his fiduciary duties, undisclosed kickbacks and harm to Home depot," [id. at 2].  Evans argues that the indictment should be

dismissed because the text of § 1346 "cannot give fair notice regarding the illegality of any particular course of conduct," and the "statute offers no guidance or limiting principle to prosecutors, judges, or lawyers on how to apply the law to private affairs." [Id. at 3-4]. The government maintains that Evans is not charged with violating § 1346 since Count 1 of the indictment alleges only that Home Depot was defrauded of "money and property" under 18 U.S.C. §§ 1341 and 1343 as objects of the conspiracy, and Evans' argument that the uncharged "honest services" offense is unconstitutionally vague is irrelevant to the conspiracy charged here. [Doc. 32 at 3, 6-7; see Doc. 14-2 at 1].

On April 13, 2010, the undersigned Magistrate Judge issued a Report and Recommendation, recommending that Evans' motion to dismiss the indictment be denied. [Doc. 48]. Evans filed objections to the Report and Recommendation, [Doc. 52], and the government filed a response to Evans' objections, [Doc. 57]. On June 25, 2010, the government filed an unopposed motion for leave to file a supplemental brief regarding Evans' motion to dismiss the indictment. [Doc. 61]. Specifically, the government sought leave to file a brief to address the relevance of the Supreme Court's June 24, 2010, rulings in three cases regarding the constitutionality of § 1346. See Skilling v. United States, No. 08-1394, - - S. Ct. - -, 2010 WL 2518587 (June 24, 2010); Black v. United States, No. 08-876, - - S. Ct. - -, 2010 WL 2518593 (June 24,

2010); Weyhrauch v. United States, No. 08-1196, - - S. Ct. - -, 2010 WL 2518696 (June 24, 2010) (*mem.*) (*per curiam*).[1]  The Honorable Richard W. Story, United States District Judge, granted the government's motion and referred the case to the undersigned for reconsideration of the Report and Recommendation in light of the supplemental briefing.  [Doc. 65].[2]

In its supplemental brief, the government notes that in Skilling, the Supreme Court held that § 1346 is not unconstitutionally vague as applied to bribe and kickback cases.  [Doc. 66 at 2-3]; Skilling, 2010 WL 2518587, at *28.  The Supreme Court concluded that there was "no doubt that Congress intended § 1346 to reach *at least* bribes and kickbacks."  Skilling, 2010 WL 2518587, at *28.  Thus, the government argues that "even if this Court determined that Count 1 of the indictment charged an offense which was the 'functional equivalent' to honest services fraud, which it does not, the charge would have withstood the defendant's constitutional challenge."  [Doc. 66 at 4].

---

[1] As the government notes, the Supreme Court primarily addressed the rationale of the constitutionality of § 1346 as it applies to bribes and kickbacks in Skilling. [Doc. 66 at 2 n.1]. Black was a related case and was vacated and remanded, 2010 WL 2518593, at *6, as was the third related case, Weyhrauch, 2010 WL 2518696, at *1.

[2] Judge Story granted the government until July 2, 2010, to file its supplemental brief, and Evans until July 12, 2010, to file his supplemental brief. [Doc. 65 at 2]. The government filed its supplemental brief on July 1, 2010, [Doc. 66], but Evans has not filed a supplemental brief.

The government's supplemental brief does not affect the undersigned's recommendation that Evans' motion to dismiss the indictment be denied since, as the government maintains, the indictment does not charge Evans with conspiring to commit honest services fraud in violation of § 1346.  Thus, the Supreme Court's decision in <u>Skilling</u> regarding the constitutionality of § 1346 is not relevant to the Court's determination of Evans' motion to dismiss the indictment.  The government has advanced a "belt and suspenders" argument in its supplemental brief that does not alter the conclusion reached in the Report and Recommendation or merit further discussion.  It therefore remains the undersigned's **RECOMMENDATION** that Evans' motion to dismiss the indictment, [Doc. 14], be **DENIED**.

**IT IS SO RECOMMENDED**, this 22nd day of July, 2010.

_Russell G. Vineyard_
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE