**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL ACTION NO. |
| | : | 1:09-CR-0449-RWS |
| IAN JAY EVANS, | : | |
| | : | |
| Defendant. | : | |

**ORDER**

On April 13, 2010, Magistrate Judge Russell G. Vineyard issued a Report and Recommendation [48] recommending that the Government's Motion to Preclude Improper Opening Statement and Exclude Irrelevant Testimony [12] be granted and Defendant Evans' Motion to Dismiss the Indictment Based Upon Constitutional Vagueness [14] be denied.  Defendant filed Objections [52] to the Report and Recommendation, and the Government filed a Response [57] thereto.  On June 25, 2010, the Government filed a Motion for Leave to File Supplemental Briefs regarding Defendant's Motion to Dismiss the Indictment in order to address the impact of three (3) opinions issued by the United States Supreme Court on June 24, 2010.  On July 1, 2010, the Court

issued an Order [65] granting the Government's Motion for Leave to File Supplemental Briefs.  The Government filed a Supplemental Brief [66] but Defendant did not file a response thereto.  On July 22, 2010, Judge Vineyard issued a Report and Recommendation [74] in which he concluded that the recent Supreme Court opinions did not affect his previous recommendation.  No objections were filed to the July 22 Report and Recommendation.

Subsequent to the case being certified ready for trial, the Government filed a Motion in Limine [71] regarding testimony about events associated with Defendant's divorce from Debra Pearlman.  The case is presently before the Court for consideration of Judge Vineyard's Reports and Recommendations and the Government's Motion in Limine.

In his Motion to Dismiss the Indictment [14], Defendant argues that this case is an "honest services fraud" case under 18 U.S.C. § 1346 and that § 1346 is unconstitutionally vague.  Judge Vineyard found, and this Court agrees, that the Indictment does not charge Defendant with conspiring to commit honest services fraud in violation of § 1346.  The Court adopts the reasoning set out in the Report and Recommendation in support of this conclusion.  Therefore, Defendant's Motion to Dismiss the Indictment [14] is **DENIED**.

2

In the Government's Motion to Preclude Improper Opening Statement and Exclude Irrelevant Testimony [12], the Government seeks to preclude Defendant from mentioning in his opening statement or offering any evidence regarding his alleged good-faith reliance on the advice of counsel. While the Court agrees with Judge Vineyard that the present proffer of evidence by Defendant would not support a jury instruction on good-faith reliance on advice of counsel, the Court concludes that Defendant should not be precluded from offering evidence about consultations with counsel. The timing of Defendant's consultations may preclude consideration of the evidence as to certain charges and, if so, limiting instructions will be given. However, Defendant will be permitted to offer evidence in this regard and may request an instruction if the evidence at trial is sufficient to support the same. Therefore, the Government's Motion to Preclude Improper Opening Statement and Exclude Irrelevant Testimony [12] is **DENIED**.

The Government's Motion in Limine to Allow Testimony from Government Witnesses [71] requests a ruling from the Court concerning testimony the Government intends to introduce regarding events that occurred around the time of Defendant's divorce from Debra Pearlman. The

3

Government has requested a hearing on the Motion, and the Court finds that it would be assisted by argument from counsel. Accordingly, the Government's Motion is set down for hearing on the  11th  day of August, 2010, at 3:00 P.M., Courtroom 2105, United States Courthouse, Atlanta, Georgia.

**SO ORDERED** this  11th  day of August, 2010.

*[signature]*
**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)